IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM McNEAL | § | |
| v. | § | CIVIL ACTION NO. 6:15cv592 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner William McNeal, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McNeal's petition challenged a disciplinary case he received for sexual misconduct, for which he received punishments 45 days of cell and commissary restrictions and the loss of 10 days of good time credits. He stated that he is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that McNeal's petition be dismissed because McNeal failed to show the deprivation of a constitutionally protected liberty interest. The Magistrate Judge further recommended that McNeal be denied a certificate of appealability *sua sponte*.

In his objections to the Magistrate Judge's Report, McNeal states that he filed his petition because his rights under the Sixth and Fourteenth Amendments were violated, in that he received ineffective assistance from his counsel substitute, he was not informed of the nature of the offense, and the finding of guilt was based solely on the charging officer's statement and report. He asserts

1

that he has exhausted his administrative remedies. McNeal acknowledges that he is not eligible for mandatory supervision but states that the disciplinary case hurts his chances of making parole. He also complains that "the past history between me and the hearing officer, and counsel substitute that due to that they [are] related that they can't work around each other just like officer and inmate related and that's TDCJ policy then since I've been confined in TDCJ that sexual misconduct case will get you look bad [sic] and only get assigned certain jobs."

The Magistrate Judge correctly determined that the punishments imposed upon McNeal as a result of the disciplinary case did not exceed his sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor did these punishments impose atypical or significant hardships upon McNeal in relation to the ordinary incidents of prison life. Consequently, McNeal failed to show the deprivation of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 148 (1995). While McNeal complained that his parole eligibility could be affected, this would not implicate any constitutionally protected liberty interests because Texas prisoners have no constitutional right or expectancy to release on parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because McNeal failed to show the violation of a protected liberty interest, he cannot obtain habeas corpus relief. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner William McNeal is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **23** day of **August, 2016.**

_____
Ron Clark, United States District Judge